# IMMIGRANT RIGHTS CLINIC
## Washington Square Legal Services, Inc.
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: 212-998-6430
Fax: 212-995-4031

ALINA DAS  
NANCY MORAWETZ  
JESSICA ROFÉ  
*Supervising Attorneys*

CHIRAAYU GOSRANI  
MADISON KOENIG  
*Legal Interns*

July 1, 2021

*Via ECF*

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

**Re:**   *Sow v. Whitaker et al.*, 18 Civ. 11394

Dear Judge Lehrburger:

We write to seek clarification of your order of December 14, 2020, ECF No. 68. Your December 14, 2020 order postpones briefing this case about the implications of *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. ___, 140 S.Ct. 1959 (2020), pending the Second Circuit's decision in *Ragbir v. Johnson*, No. 18-1597 (filed May 25, 2018). Petitioner wishes to clarify the trigger date for new briefing.

In your December 14, 2020 order, you directed the parties to file their briefs within thirty days of the decision of the Second Circuit following the remand of *Pham v. Ragbir*, No. 19-1046, 2020 WL 5882107 (U.S. Oct. 5, 2020). The Second Circuit has issued an interim order on remand, which provides for further factfinding before the district court on a question of mootness and consideration of *Thuraissigiam* if the district court concludes that the case is not moot. The order further provides that either party can return the case to the Second Circuit docket following the decision of the district court. *Ragbir v. Johnson*, No. 18-1597, ECF No. 261 (June 29, 2021) (attached). If this order is considered the decision of the Second Circuit in *Ragbir*, the parties' briefs in the instant matter would be due July 29, with any responding briefs due within fifteen days thereafter. If, however, this is considered an interim order and not the decision of the Second Circuit, then the parties' briefing deadlines would follow a final resolution of *Ragbir*.

Thank you for your consideration of this request for clarification.

|  |  |
|---|---|
| Dated: July 1, 2021 | Respectfully submitted, |
| New York, New York | /s/ Jessica Rofé |

Jessica Rofé, Esq.
Chiraayu Gosrani, *Legal Intern*
Madison Koenig, *Legal Intern*
Washington Square Legal Services
NYU Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, NY 10012
Tel: (212) 992-7245
jessica.rofe@nyu.edu

S.D.N.Y.
18-cv-1159
Castel, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-one.

Present:
        John M. Walker, Jr.,
        Pierre N. Leval,
            *Circuit Judges*,[*]

---

Ravidath Lawrence Ragbir, *et al.*

            *Plaintiffs-Appellants*,

      v.                                                         18-1597

Tae D. Johnson,[†] Acting Director of U.S.
Immigration and Customs Enforcement, *et al.*

            *Defendants-Appellees*.

---

Plaintiff-appellant Ragbir originally filed suit seeking a preliminary injunction to prevent the immigration authorities from deporting him pursuant to a valid, final order of removal. Ragbir alleged that certain officials of the Department of Justice and the Immigrations and Customs Enforcement agency of the Department of Homeland Security selectively enforced Ragbir's final order of removal because they disfavored his speech (specifically, immigration activism). The district court concluded that Ragbir failed to state a cognizable claim to the extent he sought to enjoin his deportation, and that 8 U.S.C. § 1252(g) deprives all courts of jurisdiction over that claim. On appeal, we concluded that Ragbir had stated a cognizable claim, and that although Congress intended to strip all courts of jurisdiction over his claim in § 1252(g), the Suspension

---

[*] Judge Christopher F. Droney, originally a member of this panel, resigned his office before the filing of the instant motion. The motion is being disposed of by the remaining members of the panel, who are in agreement, in accordance with Second Circuit Internal Operating Procedure E(b).

[†] Pursuant to Federal Rule of Appellate Procedure 43(c), Acting Director Tae D. Johnson is automatically substituted for his predecessor.

Clause of the Constitution nonetheless requires that Ragbir may bring his challenge through the writ of habeas corpus.  We accordingly vacated the district court's order.  *Ragbir v. Homan*, 923 F.3d 53 (2d Cir. 2019).  The defendants thereafter petitioned for writ of certiorari.  On October 5, 2020, the Supreme Court granted the petition, vacated our decision, and remanded for further consideration in light of *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020).  *Pham v. Ragbir*, 141 S. Ct. 227 (2020).

The government now moves to dismiss the appeal as moot, arguing that any retaliatory taint infecting the original enforcement decision has since dissipated.  Because the issue of mootness may require additional fact-finding, the government's motion is more properly addressed to the district court.  Accordingly, we remand this case to the district court (Castel, *J.*), where the government shall refile its motion.  On remand, we instruct the district court to determine, in the first instance, whether this case is moot, and if it is not moot, what result obtains in light of *Thuraissigiam*.  Following the district court's determination, either party may return the case to the docket of this court by a letter to the Clerk within sixty days of the district court's entry of judgment or order appealed from.  The appeal will return to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk